IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANDON HARPER, | Civil Action |
| Plaintiff, | No. 23-2013 |
| v. | |
| BELLE VERNON ENTRANCE DOOR & WINDOW COMPANY, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff Landon Harper, by undersigned counsel, files this Civil Complaint and in support alleges the following:

### I. Jurisdiction

1. The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991 and 28 U.S.C §§1343(a)(3) and (a)(4) and 1331 and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Plaintiff has satisfied all procedural and administrative prerequisites to suit under Title VII, in that:

   a. He filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination on July 15, 2022;

   b. The Charge of Discrimination was transferred to the Pennsylvania Human Relations Commission ("PHRC") on September 1, 2022;

   c. The PHRC dismissed his Charge of Discrimination on September 13, 2023;

   d. The EEOC issued a Notice of Right to Sue on November 3, 2023;

1

  e. This Complaint is filed within 90 days of receipt of that notice; and

  f. More than a year has lapsed since Plaintiff filed his PHRC complaint.

3. Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), in that it employs more than 15 individuals.

## II. The Parties

4. Plaintiff Landon Harper ("Plaintiff") is an African American male who resides at 117 Geibel Road, Butler County, Butler, PA 16002.

5. Defendant Belle Vernon Entrance Door & Window Company ("Defendant") is a corporation with its principal place of business at 164 Finley Road, Westmoreland County, Belle Vernon, PA 15012. At all times relevant Defendant was Harper's employer.

## III. Factual Background

6. Harper is a 25 year old African American man and was employed by Defendant since March 11, 2022.

7. Harper was Defendant's only African American employee.

8. Harper was subjected to racial comments by his co-workers on numerous occasions during his employment.

9. For example, one of Harper's co-workers came up to him while he was working and began to tell him a story of his old job where he worked with an African American gentleman.

10. Harper's co-worker said, "Yeah, I worked with this black guy at my old job FedEx. He would say what's up my guy, but to me it sounded like what's up my nigga."

11. Another time, a co-worker said, "You might not wanna go to this job, the customer has a bunch of hanging black guys in his back yard."

12. This comment was heard by Defendant's production manager who just smirked, put his head down and walked away.

13. One time Harper had metal shavings on his face from performing his job duties, and he asked a co-worker if he had dirt on his face.

14. The co-worker replied, "No, but you have black all over your face."

15. Harper was called "black Betty" by another co-worker.

16. Defendant does not have a reporting policy for racial harassment.

17. On June 24, 2022, Harper told Defendant's production manager, who had previously witnessed the racial remarks and took no corrective action, he was quitting because of the racially hostile work environment.

### Count I
### 42 U.S.C. §1981
### Race Discrimination

18. Plaintiff incorporates by reference the allegations in paragraphs 1 through 17, as if fully set forth herein.

19. Defendant has subjected Plaintiff to a hostile workplace environment where severe and pervasive race-based harassment was ignored by management.

20. As a result of Defendant's discriminatory treatment, Harper was constructively discharged, has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

    a. That Defendant be permanently enjoined from discriminating against Harper or retaliating against Harper because of his race or because he

    opposed race discrimination;

b. That defendant be ordered to reinstate Harper together with all benefits incident thereto, including but not limited to wages, benefits, and seniority;

c. That Defendant be required to compensate Harper for the full value of wages and benefits he would have received had it not been for Defendant's illegal treatment, with interest thereon until the date Harper is provided with training in his line of progression;

d. That Harper be awarded compensatory and punitive damages in an amount to be determined at trial;

e. That Harper be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

f. That Harper be awarded such further relief as this Court deems to be just and proper.

## Count II
## Title VII, Race Discrimination

21. Plaintiff incorporates by reference the allegations in paragraphs 1 through 20, as if fully set forth herein.

22. Defendant subjected Plaintiff to a hostile workplace environment where severe and pervasive race-based harassment was ignored by management in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A.

23. As a result of Defendant's race discrimination against Plaintiff, Plaintiff was constructively discharged, has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A against

Defendant as follows:

    a.    That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII;

    b.    That Defendant be ordered to provide training in his line of progression to Harper together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    c.    That Defendant be required to compensate Plaintiff for the full value of wages and benefits Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest thereon until the date Plaintiff is offered training in his line of progression;

    d.    That Plaintiff be awarded compensatory and damages in an amount to be determined at trial;

    e.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney fee; and

    f.    That Plaintiff be awarded such further relief as this Court deems to be just and proper.

### Count III
### PHRA

38.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 37, as if fully set forth herein.

39.    Defendant subjected Plaintiff to a hostile workplace environment where severe and pervasive race-based harassment was ignored by management and violated the Pennsylvania Human Relations Act (PHRA), 43 Pa. Conns. Stat.Ann. §955(a) et seq.

40.    As a direct result of Defendant's violation of the PHRA, Plaintiff has lost wages and other economic benefits of his employment with Defendant, in addition to suffering emotional distress, inconvenience and humiliation.

WHEREFORE, Plaintiff requests the following:

    a.    That the Court enter a judgment declaring Defendant's actions to be

        unlawful and in violation of the Pennsylvania Human Relations Act;

b.     That Defendant be ordered to provide Plaintiff with training in his line of progression and provide him with accumulated seniority, fringe benefits and all other rights;

c.     That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

e.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

f.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g.     That the Court grant Plaintiff additional relief as may be just and proper.

WHEREFORE, Plaintiff demands judgment against Defendant for its violation of the Pennsylvania Human Relations Act.

        Respectfully submitted,

        **EDGAR SNYDER & ASSOCIATES**

        /s/  *John E. Black, III*
        John E. Black, III
        Pa. I.D. No. 83727
        US Steel Tower, 10th Floor
        600 Grant Street
        Pittsburgh, PA 15219
        (412) 394-4446
        jblack@edgarsnyder.com

        Attorney for Plaintiff